# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIANE TRYVONNE BAILEY,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
DC-0752-16-0463-I-1

DATE: May 25, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Casanova Hambrick</u>, Clarkton, North Carolina, for the appellant.

<u>Brandon L. Truman</u>, Charlotte, North Carolina, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained her removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Board's Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      On December 8, 2015, the agency proposed the appellant's removal from her position as an EAS-17 Customer Service Supervisor for unacceptable conduct in a notice of proposed removal signed by both an issuing and a concurring official. Initial Appeal File (IAF), Tab 5 at 20, 25, Tab 13, Initial Decision (ID) at 1-2. The narrative of the charge explained that on September 14, 2015, the appellant manipulated the clock rings (time cards) for 10 of her subordinates to incorrectly reflect that they had returned to the office at or before 1800 hours, despite being instructed by her supervisor earlier that day not to make such changes. IAF, Tab 5 at 20-21. The deciding official sustained the charge, found the penalty of removal to be appropriate, and notified the appellant that she would be removed from her position effective March 21, 2016. ID at 1-2, IAF, Tab 5 at 15-17.

¶3      The appellant then filed this removal appeal. IAF, Tabs 1, 11. She alleged that she, an "African American woman," was treated differently than three "Caucasian men" who also had made "unjustified and/or undocumented changes" to clock rings. IAF, Tab 11 at 4. She identified the issuing official and two other supervisors as her alleged comparators and provided time and attendance reports to support her contentions. *Id.* at 4, 8-12. She also alleged that she had filed one equal employment opportunity (EEO) complaint against the issuing official and two EEO complaints against the concurring official, and that their investigation into her misconduct was biased and improper as a result. *Id.* at 4. She further asserted that she was harassed and unfairly subjected to "aggressive discipline," and that her duties were changed in reprisal for filing EEO complaints. *Id.* Finally, she alleged that the agency violated her due process rights and section 651.65 of the agency's Employee and Labor Relations Manual (ELM) by failing to consider her written reply and denying her an interview with the deciding official before issuing the removal decision. *Id.* at 4-5. She contended that she sent by "certified" mail her "appeal[] [of] the Notice of Proposed

Removal directly to the deciding official," and she submitted a tracking receipt, which she argued showed that her reply had arrived at the agency, but had not yet been picked up. *Id.* at 4, 13.

¶4 The administrative judge initially scheduled the appellant's requested hearing but later cancelled it after the appellant failed to file her prehearing submissions or appear for the prehearing conference in accordance with the hearing order. ID at 2; IAF, Tab 1 at 2, Tab 6, Tab 8 at 1. The administrative judge stated that she would reschedule the hearing if the appellant showed good cause for her noncompliance. IAF, Tab 8 at 1.

¶5 In her response to the show cause order, the appellant offered the following explanations: (1) she was focused on responding to the agency's discovery requests and preparing for the hearing and had inadvertently overlooked the prehearing conference; (2) she "experienced technical difficulties" that delayed her ability to download and view the filings from the Board's e-Appeal Online Repository; and (3) she was "overwhelmed . . . physically, mentally and emotionally . . . from this entire process." IAF, Tab 9 at 4. She also stated that her representative had not received electronic notifications of the filings, even though she had designated him as an e-filer. *Id.* She claimed that an individual she spoke with at the Washington Regional Office told her that the Board had changed her representative's filing status to "US Postal Mail." *Id.*

¶6 The administrative judge found that the appellant had received the hearing order, even if her representative had not, and that the appellant's claimed medical and physical conditions were insufficient reasons for her noncompliance. IAF, Tab 10 at 1. Thus, the administrative judge declined to reschedule the hearing, decided to issue the initial decision based on the written record, and afforded the parties time to file additional argument and evidence before closing the record. *Id.* at 1-2. However, the administrative judge's close-of-record order did not summarize the issues on appeal or explain the burdens and elements of proof required to prove the relevant claims before issuing the initial decision.

¶7 Following the close of record, the administrative judge issued an initial decision affirming the appellant's removal and denying her EEO affirmative defenses for failure to present a prima facie case. ID. She did not address the appellant's due process or harmful error claims.

¶8 The appellant has filed a petition for review, challenging the administrative judge's findings on her EEO affirmative defenses and reasserting her due process and harmful error claims. Petition for Review (PFR) File, Tab 1 at 4-7, Tab 4 at 4-5. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 3-4. The agency also filed a motion for leave to respond to the new arguments and evidence contained in the appellant's reply. PFR File, Tab 5. The appellant has opposed the motion. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge abused her discretion by cancelling the hearing.</u>

¶9 An administrative judge has the authority to sanction a party when necessary to serve the ends of justice, which includes the right to sanction a party for failure to comply with an order. *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 8 (2007); 5 C.F.R. § 1201.43(a). An appellant's right to a hearing, however, should not be denied as a sanction absent extraordinary circumstances. *Heckman*, 106 M.S.P.R. 210, ¶ 8; *see* 5 U.S.C. § 7701(a)(1) (providing an appellant a right to a hearing in matters "appealable to the Board under any law, rule, or regulation"); 5 C.F.R. § 1201.43(e) (explaining that a hearing may be cancelled for contumacious conduct or conduct prejudicial to the administration of justice). An appellant's single failure to comply with an administrative judge's order is not sufficient to show a lack of due diligence, negligence, or bad faith in her noncompliance with the order so as to justify the drastic sanction of cancelling the appellant's requested hearing. *Caracciolo v. Office of Personnel Management*, 82 M.S.P.R. 532, ¶¶ 6-7 (1999).

¶10        We disagree with the administrative judge that the appellant did not demonstrate good cause for her failure to submit prehearing submissions and appear at the prehearing conference.  IAF, Tab 6 at 2-3, 4, Tab 10.  The record reflects that, as asserted by the appellant below, the regional office mailed all pleadings to the appellant's representative, despite her status as an e-filer.  IAF, Tab 1 at 3, Tab 3 at 18, Tab 6 at 5.  It was not until after the order requiring prehearing submissions and scheduling the prehearing conference was issued that this error was corrected at the appellant's request.  IAF, Tab 9 at 4, Tab 10 at 3.  When, as here, the order to which the appellant failed to respond was not electronically served on her representative, as elected, then all doubts about whether the appellant was prejudiced by the regional office's failure to follow the Board's regulations should be resolved in her favor.  *Gordon v. Department of the Air Force*, 104 M.S.P.R. 358, ¶ 5 (2006) (finding that an administrative judge abused his discretion by dismissing an appeal for failure to comply with orders that were not served on the appellant's representative via his chosen method, which was electronic service), *clarified on other grounds by Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 8 (2011); 5 C.F.R. § 1201.14(j)(1) (providing that when the Board issues documents, email messages will be sent to e-filers that notify them of the issuance).

¶11        Further, this is not a case where the appellant displayed a pattern of noncompliance prejudicial to the administration of justice.  *Cf. Heckman*, 106 M.S.P.R. 210, ¶¶ 6, 9 (finding that the administrative judge did not abuse her discretion by cancelling the appellant's requested hearing in light of his repeated failure to respond to multiple orders over a 2-month period).  Although the appellant was notified that failure to appear at the hearing may result in its cancellation, she was not apprised that she could be sanctioned for failing to file her prehearing submission or appearing for the prehearing conference.  IAF, Tab 6 at 2.  Moreover, she indicated that she was participating in discovery at the time and actively pursuing her appeal.  IAF, Tab 9 at 4.  She responded promptly

to the administrative judge's hearing cancellation and show cause order, was apologetic in explaining her noncompliance, and complied with all prior and subsequent orders. PFR File, Tab 1; IAF, Tab 9 at 4, Tab 11. Therefore, we find that the record does not show that she exhibited a lack of due diligence sufficient to justify the severe sanction imposed here. *See Ellshoff v. Department of the Interior*, 78 M.S.P.R. 615, ¶¶ 3-6 (1998) (finding that the appellant's failure to timely comply with a single Board order did not constitute a lack of due diligence, negligence, or bad faith justifying an order that she could not present witnesses or additional evidence at the hearing, despite the fact that her excuses were that she needed to concentrate on her job, was unsure whether to retain her attorney, and was embarrassed that she had forgotten the name of her therapist). Nor has the agency claimed that it was prejudiced by the appellant's conduct.

¶12 Accordingly, we find that the appellant's actions in this appeal do not rise to the level of "extraordinary circumstances" sufficient to cancel the requested hearing, and that the administrative judge abused her discretion by doing so.

On remand, the administrative judge should fully adjudicate the appellant's affirmative defenses.

¶13 The administrative judge did not inform the appellant of her burden on her affirmative defenses of race and sex discrimination or EEO reprisal in any of her orders or the initial decision. ID; IAF, Tabs 3, 6, 8, 10. While the agency's closing argument included discussion of the appellant's burden, it relied on the incorrect standard, the burden-shifting analytical framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). IAF, Tab 12 at 4-10. The *McDonnell Douglas* framework has no application to Board proceedings. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 46 (2015), *clarified by Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 30 (2016). Rather, the Board relies on the standards set forth in *Savage*, and its

progeny.[2] *See id.*, ¶ 51 (explaining the burdens of proof applied by the Board to title VII claims); *Gardner*, 123 M.S.P.R. 647, ¶ 30 (clarifying how to analyze relevant evidence in connection with such claims). Further, in denying the appellant's affirmative defenses, the administrative judge did not consider the appellant's arguments and evidence. ID at 4; IAF, Tab 11 at 5, 8-12.

¶14    Additionally, the administrative judge did not address the appellant's claims that the agency violated her due process rights and ELM § 651.65 by failing to consider her written reply and denying her an interview with the deciding official

---

[2] The Age Discrimination in Employment Act states that "personnel actions . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). Similarly, title VII requires that such actions "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). In *Savage*, 122 M.S.P.R. 612, ¶¶ 48-50, the Board adopted the analytical framework of *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), for analyzing claims arising under title VII. The Board in *Savage* held that it first inquires whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage*, 122 M.S.P.R. 612, ¶ 51. Such a showing is sufficient to establish that the agency violated title VII. *Id.* If the appellant meets her burden, the Board then inquires whether the agency has shown by preponderant evidence that it still would have taken the contested action in the absence of the discriminatory or retaliatory motive. *Id.* If the agency makes that showing, its title VII violation will not require reversal of the action. *Id.*

After *Savage* was decided, the Supreme Court interpreted the language in 29 U.S.C. § 633a(a) in *Babb v. Wilkie*, 589 U.S. ___, 140 S. Ct. 1168 (2020). The Court held that to obtain "injunctive or other forward-looking relief," the plaintiff must show that age discrimination "play[ed] any part in the way a decision [was] made." *Babb*, 140 S. Ct. at 1173-74, 1177-78. However, a plaintiff "must show that age discrimination was a but-for cause of the employment outcome" to obtain "reinstatement, backpay, . . . or other forms of relief related to the end result of an employment decision." *Id.* at 1177-78. Thus, under both *Savage* and *Babb*, some relief is available if the prohibited consideration was a motivating factor in the challenged personnel action, but full relief is available only if the prohibited consideration was a but-for cause of the action. Although *Savage* and *Babb* appear to diverge on the question of which party has the burden to prove or disprove but-for causation, we need not decide at this time whether the analytical framework applied in *Savage* must be revised in light of *Babb*. Because the appellant has not yet proven her initial burden that a prohibited factor played any part in the agency's decision, we do not reach the question of whether race and sex discrimination or EEO reprisal was a but-for cause of that decision.

before issuing the final removal decision.  PFR File, Tab 1 at 7; ID; IAF, Tab 11 at 4-5; *see* 5 U.S.C. §§ 7513(b)(2) (discussing an employee's right to respond to a proposed adverse action), 7701(c)(2)(A) (providing that an agency's action will be reversed if it resulted from harmful procedural error); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (observing that an agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond).  The appellant's assertions made below in her closing argument clearly indicated her intent to raise due process violation and harmful error claims.

¶15        Therefore, the appellant was entitled to be apprised of the applicable burdens of proving her affirmative defenses and harmful error and due process claims, as well as the kind of evidence required to meet those burdens, and to have those defenses addressed in a close-of-record order or prehearing conference summary and order.  *Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶ 10 (2013).  Additionally, as discussed above, she was improperly denied her requested hearing.  For these reasons, we remand this appeal for further adjudication, including notice to the appellant of her burden to prove her affirmative defenses, an opportunity for both parties to submit additional evidence, and the appellant's requested hearing.  *See id.*, ¶¶ 10-11 (remanding an appeal for the administrative judge to provide notice of the appellant's burdens and elements of proof as to his affirmative defenses and adjudicate those defenses).  Because the parties will have an opportunity to further develop the record on remand, we find it unnecessary to rule on the agency's motion for leave to respond to the appellant's reply to the response to the petition for review.  PFR File, Tab 5 at 4-5.

**ORDER**

¶16      For the reasons discussed above, we vacate the initial decision and remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.